[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 195)
The plaintiff, The Cadle Company, sues the defendants, Lawrence Pace, Sr., Lawrence Pace, Jr., Mark Pace and David Pace, in two counts for collection of debts owed on two notes.
In its second amended complaint, the plaintiff alleges, in the first count, that the defendants became indebted to Great Country Bank (Great Country) for $250,000 in March of 1987, as evidenced by a note payable to Great Country. The defendants allegedly defaulted on this loan, after which the defendants, pursuant to an acceleration clause, became indebted to Great Country for the entire amount of the loan. Following mergers by which the note-holder became First Union Bank (First Union), the plaintiff purchased the note from First Union.
The plaintiff alleges in its second count that the defendants and Great Country executed a second note for $50,000 in November of 1987. The defendants allegedly defaulted on this loan, as well, after which Great Country exercised its option to accelerate the debt pursuant to its agreement with the defendants. The plaintiff also purchased this debt from First Union. The plaintiff now seeks to collect on the notes.
The plaintiff moves for summary judgment on the ground that, based on the evidence presented, there is no genuine issue of material fact and the plaintiff is entitled to judgment as to both counts as a matter of law. In support, the plaintiff has submitted the affidavits of Thomas Donnelly, the senior vice president of First Union, and Pete Barta, an account officer for the plaintiff. These affidavits include exhibits demonstrating the existence of the notes and the plaintiff's purchase of those notes. (Donnelly Affidavit, Exhibits A-C; Barta Affidavit, Exhibits A-B.) The affidavits also include business records and payment histories as to the two notes. (Donnelly Affidavit, Exhibits E-F; Barta Affidavit, Exhibits C-D.)
The defendants oppose summary judgment, relying on their sixth and seventh special defenses, the only special defenses that survived the plaintiff's earlier motion to strike. The sixth special — defense alleges the existence of a settlement agreement arising from Great Country's foreclosure action against the defendants. The defendants claim that Great Country breached the agreement, which provided for new repayment terms, thus causing the defendants to incur damages. Further, the defendants claim that the settlement agreement precludes the plaintiff's recovery in this action. The seventh special defense alleges breach of the CT Page 11399 implied covenant of good faith and fair dealing based on the above facts.
In position to the plaintiff's motion for summary judgment, the defendants submit the affidavit of Mark Pace, which includes the following exhibits: a copy of Great Country's offer to establish new terms for the repayment of the loan (Exhibit A), a copy of a counter proposal from the defendants' attorney to Great Country (Exhibit B), a copy of a ten thousand dollar check issued to Great Country by the defendants' attorney (Exhibit C), a letter from Great Country's lawyer confirming an agreement to settle the debt (Exhibit D), the personal financial statement of L.F. Pace Construction, Inc., the defendants' corporation (Exhibit E), the defendants' proof of work in progress[1]
(Exhibit F), a letter committing Lafayette Bank to loan $170,000 to the defendants to pay off the loan with the plaintiff (Exhibit G), a letter from Great Country's attorney confirming an October 1994 settlement agreement (Exhibit H) and a letter from the defendants' attorney requesting the production of documents from the plaintiff's attorney (Exhibit I).
The defendants argue that summary judgment may not be granted because there exists a genuine issue of material fact as to the plaintiff's entitlement to collect on the' two notes. The defendants argue, more specifically, that during Great Country's foreclosure action against the defendants, Great Country entered into and then breached a settlement agreement with the defendants. The defendants argue, therefore, that the plaintiff, Great Country's successor in interest, has no right of recovery under the original loan agreements. The court must determine whether a settlement agreement was reached, and, if so, whether there is a question of fact as to whether Great Country breached that agreement.
Although the plaintiff challenges the admissibility of the defendants' evidence, the court need not reach issues of admissibility. Even assuming all of the defendants' evidence is admissible, the defendants still have not demonstrated that Great Country breached the settlement agreement. The affidavit of Mark Pace avers that the defendants and Great Country reached a settlement agreement in October of 1994, as evidenced by a letter from the Great Country's attorney. (Pace Affidavit, Exhibit H.) By the letter's terms, the defendants' debt would be released "[i]n return for receipt of payment." (Pace Affidavit, Exhibit H.) Great Country and Pace, therefore, were parties to a CT Page 11400 unilateral contract in which Great Country invited acceptance of its promise by Pace's performance of its obligation. See Torosyanv. Boehringer Ingelheim Pharmaceuticals, Inc., 234 Conn. 1, 13
n. 4, 662 A.2d 89 ("A unilateral contract is one in which the offeror invites acceptance of his promise not by a reciprocal promise, but by performance. . . . [I]n such a contract, there is no mutuality of obligation between the parties."). The defendants offer no evidence that the defendants tendered payment to Great Country in accordance with the agreement, however. Absent evidence of any payment made pursuant to the agreement, this court cannot conclude that there was any breach of the agreement by Great Country because Great Country incurred no obligation until and unless it received payment from the defendants. The defendants have failed to raise a genuine issue of material fact as to Great Country's breach of the agreement.
The October 1994 letter from Great Country' s attorney refers to a credit of $10,000 in the form of a certificate of deposit. (Pace Affidavit, Exhibit H.) As a result, the defendants argue, there is really a credit of $20,000 because the defendants have proved a $10,000 credit based on their tender of a check. (Pace Affidavit, Exhibit C.) The statement in one letter that there was a $10,000 credit in the form of a certificate of deposit does not, in itself, constitute evidence of a $10,000 credit over and above the $10,000 tendered by check. (Id.) Other letters from the attorneys of both Great Country and the defendants refer to only one $10,000 tender. (See Pace Affidavit, Exhibits B, D.) Absent proof of the issuance of a certificate of deposit, the defendants have failed to raise a genuine issue of material fact as to the existence of a $10,000 credit in addition to the tendered check.
Based on the foregoing, this court hereby grants the plaintiff's motion for summary judgment.[2]
MELVILLE, J.